SARAH B. SHRIVER and JOSEPH SHRIVER, JR., by ROBERT SHRIVER, his next friend *vs.* J. FRANK SEISS, HORACE RESLEY, JAMES H. HOBLITZELL and E. K. HYNDMAN.

*Specific performance of Contract—Application to set aside a deed for fraud—Remedy at law.*

A. contracted with B. to sell him a tract of land, part of the purchase money to be paid in cash, and the balance to be secured by mortgage. B. made the cash payment, and executed the mortgage and had the same ready for delivery, when he found that A. had meanwhile sold and conveyed the property to other parties. On a bill filed by B. against A. and the parties to whom the deed of conveyance was made, asking that the deed be set aside for fraud and the contract with him specifically performed, it was HELD:

1st. That the jurisdiction or authority of the Court to grant such relief in cases requiring it is unquestionable, but it is only when the rights of the parties are established beyond doubt, and the injury would be otherwise irremediable, that the Courts resort to this extreme medicine of the law.

2nd. That the specific performance of a contract for the sale of real estate is never enforced by a Court of equity between the parties unless the contract is fair, certain, reasonable and capable of being performed.

3rd. That it is a well settled principle that the specific execution of a contract in equity is a matter not of absolute right in the party, but of sound discretion in the Court.

4th. That as between the complainant and A. themselves there was nothing to show that the contract was of such a character that the complainant could not be fully indemnified for any loss he might have sustained by its non-performance by an action at law.

5th. That in regard to the other aspect of the case, the application to set aside a deed formally executed to third persons claiming as *bona fide* purchasers without notice, the contradictions in the testimony, the conflicts between the several witnesses, the consequent uncertainty thus thrown over the true state of the facts, and the total deficiency in the proof to bring home notice to all the purchasers, together with the fact that the complainant had a plain and adequate remedy at law, compelled the Court to refuse relief.

Appeal from the Circuit Court for Garrett County, in Equity.

The bill in this case was filed by Charles C. Shriver against the appellees. The nature of the case is stated in the opinion of the Court. During the pendency of the suit the complainant died, and his widow and infant child were made complainants in his place; and they are the appellants in this case, the Court below, (PEARRE, J.,) having passed a decree dismissing the bill.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, ALVEY and ROBINSON, J.

*Ferdinand Williams,* for the appellants.

*J. H. Gordon,* for the appellees.

BOWIE, J., delivered the opinion of the Court.

The appeal in this case is taken from a decree of the Circuit Court for Garrett County, sitting as a Court of Equity, dismissing the bill filed by Charles C. Shriver, in his life-time, with costs.

The object of the bill was to obtain a decree to set aside a certain deed therein mentioned and for the specific performance of an alleged contract for the sale of certain lands by the appellee, J. Frank Seiss, to the complainant, and for a good and sufficient deed for said tract of land, and for other and further relief.

The bill alleged in substance that on the 14th of October, 1874, the complainant entered into a contract in writing with J. Frank Seiss, (one of the appellees,) for the purchase of a tract of land lying in Garrett County, known as " Pretty Prospect," as per exhibit A, wherein the said Seiss bound himself to convey to the complainant the said land free from encumbrances, on certain conditions therein specified. That in pursuance of said contract and the

demand of Seiss, he made certain payments in full of the cash payments to be made under said contract, and was always ready and willing to execute the mortgage to secure the deferred payments as required by the contract. In consequence of the absence of Seiss, some delay was occasioned in completing the transfer of said property by deed and mortgage.

That on or about the 26th of February, 1875, the complainant and wife executed a mortgage on said tract of land agreeably to the contract, and the complainant was about to carry it to Baltimore (where Seiss then resided) to deliver it, when he heard Seiss would be in Cumberland in a few days.

The bill further charges that on the 4th of March following he met Seiss, in company with the other appellees Resley Hoblitzell and Hyndman, in Cumberland, and then informed them that he had purchased "Pretty Prospect" from Seiss, whereupon they produced a deed purporting to be a conveyance of the same from Seiss and wife to Resley Hoblitzell and Hyndman. The complainant charges that Seiss fraudulently conveyed the said land to his co-appellees, in violation of his contract to convey the same to the complainant.

That the said Hoblitzell, Resley and Hyndman had notice of the contract between Seiss and himself before the execution of said deed by Seiss to them, and the said conveyance was a gross fraud upon the complainant.

The bill charges that the complainant has performed all the requirements of said contract on his part to be performed, but that the said Seiss refuses to make a conveyance of the land to the complainant. The bill prays that the said Seiss, Hoblitzell, Resley and Hyndman may answer the premises, and that the deed from Seiss to them be declared void and set aside, and a decree for specific performance against Seiss.

The appellees, Hoblitzell, Resley and Hyndman answered the bill, and admitting they had purchased of Seiss

the land in question for a valuable consideration which was paid, and that the same had been conveyed to them by Seiss, denied all fraud and averred they were *bona fide* purchasers without notice, at the time of the purchase and at the time of the execution and delivery of the deed ; but admit that after the deed had been executed and delivered to them, the complainant informed them of his contract, and they told him that he was too late in giving the information because the purchase by them was completed.

The appellee, Seiss, by his answer admitted that he had sold the land to his co defendants, Hoblitzell, Resley and Hyndman on the 4th of March, 1875, and gave a deed in good faith to the said parties for the same, for the consideration therein stated. He denies all fraud and that he fraudulently conveyed the lands in violation of the contract.

He admits the contract marked exhibit A, but declares it was rescinded and set aside because the complainant failed to perform his part of the contract.

He also admits the writing of his letter marked B, but insists that the complainant failed for more than a reasonable time to comply with the terms of said letter and he withdrew his offer and sold as above stated.

He denies that he ever informed Messrs. Hoblitzell, Resley and Hyndman, or either of them, of his contract with complainant, or that they had any knowledge of his previous dealings with complainants through him.

The appellee, Seiss, afterwards by leave of the Court filed an amended answer, in which in addition to the matters relied on by his original answer, he avers the lands in question contained minerals of great value, of which the respondent was ignorant, but the complainant well knew the same, and concealing this fact from him the complainant endeavored to buy the same for a grossly inadequate price, etc., so gross that no Court would enforce it. That the complainant has suffered no loss for which he could not be compensated in damages.

Replications having been filed, testimony was taken under commissions duly issued, executed and returned to support the claims of the respective parties, the complainant and defendants being the principal witnesses to the most material facts in issue.

It will be perceived from this synopsis of the case that the Court below was invoked to exercise one of the most delicate and difficult powers of equity jurisdiction, viz., to set aside an executed contract for the sale of land, a deed solemnly and formally executed for a valuable consideration *inter partes*, transferring the legal estate from the vendor to the vendee, and to enforce an unexecuted contract in behalf of parties claiming under it only an equitable estate.

The jurisdiction or authority of the Court to grant such relief in cases requiring it is unquestionable, but it is only when the rights of the parties are established beyond doubt, and the injury would otherwise be irremediable, that the Court resort to this extreme medicine of the law.

The specific performance of a contract for the sale of real estate is never enforced by a Court of equity " *inter sese* " between the parties, unless the contract is fair, certain, reasonable and capable of being performed. *Rider & Trotter vs. Gray, et al* , 10 *Md.*, 282 ; *Carr, et al. vs. Hobbs*, 11 *Md.*, 285 ; *Fardy & Kone vs. Williams*, 38 *Md.*, 493.

It is a well settled principle that the specific execution of a contract in equity is a matter not of absolute right in the party, but of sound discretion in the Court. *Smoot, et al. vs. Rea & Andrews*, 19 *Md.*, 398.

As between the complainant and Seiss themselves, there is nothing to show that the contract is of such a character that the complainant cannot be fully indemnified for any loss he may have sustained by its non-performance by an action at law.

The purchase on the part of the complainant appears to have been purely speculative, he appears to have been

anxious to sell the property before his title was consummated. *Non constat*, but the appellee, Seiss, is fully able to satisfy any damages that may be recovered against him.

In the other aspect of the case, to set aside a deed formally executed to third persons claiming as *bona fide* purchasers without notice, we concur in the conclusion of the learned Judge below, that " the contradictions in the testimony, the conflicts between the several witnesses, the consequent uncertainty thus thrown over the true state of the facts, and the total deficiency in the proof to bring home notice to all the purchasers, together with the fact that the complainant had a plain and adequate remedy at law, compels the Court to refuse relief.''

For these reasons the decree appealed from will be affirmed.

*Decree affirmed,*
*with costs to the appellees.*

(Decided 28th June, 1878.)